UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1806 JCH |
| | ) | |
| STATE FARM FIRE AND CASUALTY COMPANY[1], et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motions to Remand to State Court, and Defendant Evelyn Jamison's Motion for Summary Judgment. (ECF Nos. 8, 22, 32). The motions are fully briefed and ready for disposition. For the reasons set forth below, the Motion for Summary Judgment shall be granted, and the Motions for Remand shall be denied.

**BACKGROUND**

On or about November 12, 2015, Plaintiff James Adams filed a Complaint against Defendants State Farm Fire and Casualty Company ("State Farm") and Evelyn Jamison in the Circuit Court of the City of St. Louis, Missouri. (ECF No. 2). In his Complaint Plaintiff alleged that on or about November 1, 2010, and November 2, 2010, he filed claims with State Farm concerning an alleged burglary that occurred at his place of residence. (*Id.*, ¶ 1). Plaintiff alleged that although he owned a policy issued by State Farm covering the claims at issue, and complied with the requirements therein, State Farm refused to pay his claims. (*Id.*, ¶¶ 3-5, 13). Based on these allegations Plaintiff asserted claims for breach of insurance policy, breach of

---

1 Defendant State Farm Fire and Casualty Company was improperly identified as State Farm Insurance and Casualty Company in Plaintiff's Complaint. (*See* Removal Petition, ECF No. 1, P. 1).

- 1 -

implied covenant, and vexatious refusal to pay against State Farm. (*Id.*, ¶¶ 6-25). With respect to Defendant Jamison Plaintiff asserted one count for fraudulent misrepresentation, as follows:

> 27. Evelyn Jamison, acting under the direction and on behalf of State Farm [Fire] and Casualty Co, made statements:
>
> a. that were false representations of a material fact to Plaintiff;
> b. that Evelyn Jamison knew were false or were made recklessly and without regard for their truth;
> c. that Evelyn Jamison intended Plaintiff to rely upon;
> d. that Plaintiff reasonably relied upon;
> e. that Plaintiff's reliance upon was a substantial fact in causing damage to Plaintiff's property; and
> f. that caused damages to Plaintiff as described in paragraphs 6 through 26.
>
> 28. The fraudulent misrepresentations by Evelyn Jamison consist of at least the following:
>
> a. Representing that Defendant insure[r] agreed to pay for certain losses, including, but not limited to, damage[] to dwelling and contents.
> b. Representing that if Plaintiff availed himself to Defendants by cooperating with the Defendant[']s requirements set forth in the policy, certain losses, including, but not limited to, damage[] to dwelling and contents would be covered under the policy.

(*Id.*, ¶¶ 27-28).

On December 9, 2015, State Farm removed the case to this Court on the basis of diversity jurisdiction. (ECF No. 1). As grounds for the removal, State Farm noted that at all relevant times Plaintiff was a citizen and resident of Missouri, and State Farm was a corporation incorporated under the laws of the State of Illinois, with its principal place of business in Illinois. (*Id.*, ¶ 4). With respect to Defendant Jamison, State Farm maintained that although she was a Missouri resident, her citizenship should be ignored because the allegations against her do not state a basis for recovery, and thus her joinder was fraudulent and should not prevent removal. (*Id.*).

As noted above, Defendant Jamison filed a Motion for Summary Judgment on December 28, 2015, asserting that she is entitled to judgment as a matter of law. (ECF No. 22). Plaintiff filed his response to Defendant Jamison's motion on January 15, 2016, and further filed Motions to Remand to State Court on December 10, 2015, and January 28, 2016. (ECF Nos. 8, 32).

## **DISCUSSION**

Generally, a defendant may remove an action from state court to federal court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over civil actions where the matter is between citizens of different states, and the amount in controversy is greater than $75,000.[2] 28 U.S.C. § 1332(a)(1). Such cases thus may be removed, provided none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand." *Byrd v. TVI, Inc.*, 2015 WL 5568454, at *1 (E.D. Mo. Sept. 21, 2015) (citation omitted); *see also In re Business Men's Assurance Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993).

In the instant case, as noted above both Plaintiff and Defendant Jamison are citizens of the State of Missouri. Complete diversity of citizenship therefore does not exist, and removal is precluded unless Defendant Jamison was fraudulently joined. *See Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011) (internal quotations and citation omitted) ("[A] plaintiff cannot defeat a defendant's right of removal by fraudulently joining a defendant who has no real connection with the controversy.") "The purpose of this exception is to strike a balance between the plaintiff's right to select a particular forum and the defendant's right to remove the case to federal court." *Id.* (citation omitted).

---

[2] Plaintiff does not dispute that the amount in controversy here is greater than $75,000.

Joinder of a defendant is fraudulent where there exists "no reasonable basis in law or fact" to support a claim asserted against it. *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015). "This reasonableness standard requires the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." *Waller v. Blast Fitness Group, LLC*, 2015 WL 7737298, at *3 (E.D. Mo. Dec. 1, 2015). The question turns on whether the plaintiff might have a "colorable" claim against the non-diverse or resident defendant. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010), *cert. denied*, 132 S.Ct. 94 (2011). If not, the joinder is fraudulent and dismissal of the defendant is proper. *Id.*; *see also Thompson v. R.J. Reynolds Tobacco Co.*, 760 F.3d 913, 918 (8th Cir. 2014); *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (internal quotations and citation omitted) ("[I]f it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained."). At all times Defendant, as the removing party alleging fraudulent joinder, bears the burden of proving the alleged fraud. *Waller*, 2015 WL 7737298, at *3 (citing *Orrick v. Smithkline Beecham Corp.*, 2014 WL 3956547, at *3 (E.D. Mo. Aug. 13, 2014); *Manning v. Wal–Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004)).

Applying the foregoing standards to the instant case, the Court finds that for Plaintiff to survive Defendant Jamison's fraudulent joinder challenge, there must be "a reasonable basis for believing Missouri might impose liability against" Defendant Jamison for fraudulent misrepresentation. *See Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007). "In order to state a claim for fraudulent misrepresentation under Missouri law, plaintiff must plead: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person in the

manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury." *Arthur v. Medtronic, Inc.*, 2015 WL 5012312, at *2 (E.D. Mo. Aug. 24, 2015) (citing *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 131-32 (Mo. banc 2010)). *See also Stevens v. Markirk Construction, Inc.*, 454 S.W.3d 875, 880 (Mo. banc 2015) (same). "A plaintiff's failure to establish any one of the essential elements of fraud is fatal to recovery." *Arthur*, 2015 WL 5012312, at *2 (citation omitted).

Upon consideration, the Court finds that Plaintiff's own submissions defeat his claim for fraudulent misrepresentation on Defendant Jamison's part. Specifically, the Court notes that with his response to Defendant Jamison's motion Plaintiff submitted an affidavit, in which he attested in relevant part as follows:

> 4. Evelyn Jamison told me that my personal property would be covered under my insurance policy with State Farm.
>
> 5. At the time that I purchased my insurance policy, I had reasons to believe that Evelyn Jamison knew that State Farm would not honor its obligations under our contractual agreement.

(Affidavit of James Adams, ECF No. 27-1, ¶¶ 4, 5). With these assertions, Plaintiff demonstrates he cannot establish element six of his claim for fraudulent misrepresentation, his ignorance of the falsity of the representation, or elements seven and eight, his reliance on the representation being true and right to rely thereon. *Arthur*, 2015 WL 5012312, at *2. Under these circumstances, there exists no reasonable basis in law or fact for Plaintiff's claim of fraudulent misrepresentation, and Defendant Jamison has met her burden of showing she was fraudulently joined. Judgment in her favor will therefore be entered, and Plaintiff's Motions to Remand will be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Evelyn Jamison's Motion for Summary Judgment (ECF No. 22) is **GRANTED**, and Ms. Jamison is **DISMISSED** as a Defendant to this matter.

**IT IS FURTHER ORDERED** that Defendant Evelyn Jamison's Motion to Dismiss (ECF No. 16) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Remand to State Court (ECF Nos. 8, 32) are **DENIED**.

Dated this ___5th___ Day of February, 2016.

             \s\ Jean C. Hamilton
           UNITED STATES DISTRICT JUDGE